1  RYAN MOALEMI
   **PRO SE**
2  6350 NANCY RIDGE DRIVE NO. 104
   SAN DIEGO, CA 92121
3  TEL: (858) 245-1802
   FAX: (858) 638-1434
4  EMAIL: WHEELPROZ@AOL.COM

FILED

08 APR -4 PM 4: 20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ CP _____ DEPUTY

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

11  BMW OF NORTH AMERICA, LLC,   )   Case No. 08 CV 0171 JM WMc
    ET AL.                        )
12                                )   **DEFENDANT RYAN MOALEMI'S**
           PLAINTIFFS,            )   **ANSWER TO PLAINTIFFS' COMPLAINT;**
13                                )   **DEMAND FOR JURY TRIAL**
        V.                        )
14                                )
    EUROTECH WHEELS, LLC, ET AL., )
15                                )
           DEFENDANTS.            )
16                                )
                                  )
17  _____)

19      Defendant Ryan Moalemi ("Defendant") answers plaintiffs' Complaint as

20  follows:

22                  **ANSWER TO COMPLAINT**

23      To the extent plaintiffs' introductory paragraph contains allegations of fact,

24  Defendant denies those allegations

25      1.      Defendant is without sufficient information or knowledge to form a

26  belief as to the truth of the allegations contained in paragraph 1 of the Complaint,

27  and therefore denies those allegations.

28  ///

1       2.    Defendant is without sufficient information or knowledge to form a
2   belief as to the truth of the allegations contained in paragraph 2 of the Complaint,
3   and therefore denies those allegations.
4       3.    Defendant admits the allegations of paragraph 3 of the Complaint.
5       4.    On the basis of information and belief, Defendant admits that
6   Eurotech Rims, LLC was and/or is a registered California Limited Liability
7   Company. Defendant is without sufficient information or knowledge to form a
8   belief as to the truth of the remaining allegations contained in paragraph 4 of the
9   Complaint, and therefore denies those allegations.
10      5.    Defendant denies the allegations of paragraph 5 of the Complaint.
11      6.    Defendant denies the allegations of paragraph 6 of the Complaint.
12      7.    Defendant admits the allegations of paragraph 7 of the Complaint.
13      8.    Defendant admits that he resides in and works in California and that
14  this court has personal jurisdiction over him. Defendant further admits that
15  Eurotech Wheels, LLC has its principal place of business in California. Defendant
16  admits that Joshua Moalemi resides in California. Defendant is without sufficient
17  information or knowledge to form a belief as to the truth of the remaining
18  allegations contained in paragraph 8 of the Complaint, and therefore denies those
19  allegations.
20      9.    Defendant admits the allegations of paragraph 9 of the Complaint.
21      10.    Defendant admits that venue is proper in this District. Defendant
22  further admits that he resides in and works in California. Defendant further admits
23  that Eurotech Wheels, LLC has its principal place of business in this District.
24  Defendant admits that Joshua Moalemi resides in this District. Defendant is
25  without sufficient information or knowledge to form a belief as to the truth of the
26  remaining allegations contained in paragraph 10 of the Complaint, and therefore
27  denies those allegations.
28  ///

2

11.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies those allegations.

12.    Defendant is informed and believes and on that basis admits that BMW sells motor vehicles and various motor-vehicle-related products.  Defendant further admits, upon information and belief, that BMW sells its products using the word mark BMW, the "Roundel logo," and the "M Stripes logo."  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore denies those allegations.

13.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies those allegations.

14.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies those allegations.

15.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies those allegations.

16.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies those allegations.

17.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies those allegations.

18.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies those allegations.

3

19.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies those allegations.

20.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies those allegations.

21.    Defendant admits that Eurotech Wheels, LLC has offered for sale and sold automobile wheels that include BMW authorized wheel "center caps" with the Roundel logo.  Defendant further admits that the wheels (but not the center caps) offered for sale and sold by Eurotech Wheels, LLC were not made or authorized by BMW.  Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22.    Defendant admits that Eurotech Wheels, LLC has referred to the wheels it sells as "BMW Wheels," but it has done so only to indicate that the wheels will fit BMW automobiles.  Defendant further admits that Eurotech Wheels, LLC has offered for sale and sold automobile wheels that include BMW authorized wheel "center caps" with the Roundel logo.  Defendant also admits that the wheels (but not the center caps) offered for sale and sold by Eurotech Wheels, LLC were not made or authorized by BMW.  Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23.    Defendant admits that Eurotech Wheels, LLC registered the domain name eurotechbmw.com.  Defendant further admits that, for a period of time, Eurotech Wheels, LLC used said domain name; the domain name is, however, no longer in use.  Defendant also admits that Eurotech Wheels, LLC owns the domain name.  Defendant denies the remaining allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations of paragraph 24 of the Complaint.

///

4

25.    Defendant admits that plaintiffs have attached to the Complaint a copy of what purports to be U.S. Design Patent No. 515,491 and a printout from Eurotech Wheels, LLC's eBay store. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and therefore denies those allegations.

26.    Defendant admits that plaintiffs have attached to the Complaint a copy of what purports to be U.S. Design Patent No. 514,999 and a printout from Eurotech Wheels, LLC's eBay store. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and therefore denies those allegations.

27.    Defendant admits that plaintiffs have attached to the Complaint a copy of what purports to be U.S. Design Patent No. 504,382 and a printout from Eurotech Wheels, LLC's eBay store. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint, and therefore denies those allegations.

28.    Defendant admits that plaintiffs have attached to the Complaint a copy of what purports to be U.S. Design Patent No. 493,404 and a printout from Eurotech Wheels, LLC's eBay store. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and therefore denies those allegations.

29.    Defendant admits that plaintiffs have attached to the Complaint a copy of what purports to be U.S. Design Patent No. 470,093 and a printout from Eurotech Wheels, LLC's eBay store. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and therefore denies those allegations.

30.    Defendant denies the allegations of paragraph 30 of the Complaint.

31.    Defendant denies the allegations of paragraph 31 of the Complaint.

///

5

# COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

### (Lanham Act § 32, 15 U.S.C. § 1114(1))

32.    Defendant repeats, realleges and incorporates herein by reference each and every response contained in paragraphs 1 through 31 above, as though set forth in full herein.

33.    Defendant denies the allegations of paragraph 33 of the Complaint.

34.    Defendant denies the allegations of paragraph 34 of the Complaint.

35.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies those allegations.

36.    Defendant denies the allegations of paragraph 36 of the Complaint.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    Defendant denies the allegations of paragraph 38 of the Complaint.

# COUNT II

## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND TRADE NAME INFRINGEMENT

### (Lanham Act § 43(a), 15 U.S.C. § 1125)

39.    Defendant repeats, realleges and incorporates herein by reference each and every response contained in paragraphs 1 through 38 above, as though set forth in full herein.

40.    Defendant denies the allegations of paragraph 40 of the Complaint.

41.    Defendant denies the allegations of paragraph 41 of the Complaint.

42.    Defendant denies the allegations of paragraph 42 of the Complaint.

43.    Defendant denies the allegations of paragraph 43 of the Complaint.

44.    Defendant denies the allegations of paragraph 44 of the Complaint.

45.    Defendant denies the allegations of paragraph 45 of the Complaint.

6

1

2

3

4

# COUNT III

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

### (Lanham Act § 43(d), 15 U.S.C. § 1125(d))

5      46.    Defendant repeats, realleges and incorporates herein by reference each
6  and every response contained in paragraphs 1 through 45 above, as though set forth
7  in full herein.

8      47.    Defendant admits that the domain name eurotechbmw.com includes
9  the letters "bmw."  Defendant denies the remaining allegations contained in
10 paragraph 47 of the Complaint.

11     48.    Defendant is without sufficient information or knowledge to form a
12 belief as to the truth of the allegations contained in paragraph 48 of the Complaint,
13 and therefore denies those allegations.

14     49.    Defendant denies the allegations of paragraph 49 of the Complaint.

15     50.    Defendant denies the allegations of paragraph 50 of the Complaint.

16     51.    Defendant denies the allegations of paragraph 51 of the Complaint.

17

18

19

20

21

# COUNT IV

## DESIGN PATENT INFRINGEMENT

## U.S. DESIGN PATENT NO. 515,491

### (35 U.S.C. § 271)

22     52.    Defendant repeats, realleges and incorporates herein by reference each
23 and every response contained in paragraphs 1 through 51 above, as though set forth
24 in full herein.

25     53.    Defendant denies the allegations of paragraph 53 of the Complaint.

26     54.    Defendant denies the allegations of paragraph 54 of the Complaint.

27     55.    Defendant denies the allegations of paragraph 55 of the Complaint.

28     56.    Defendant denies the allegations of paragraph 56 of the Complaint.

7

1

## COUNT V

2

## DESIGN PATENT INFRINGEMENT

3

## U.S. DESIGN PATENT NO. 514,999

4

### (35 U.S.C. § 271)

5       57.    Defendant repeats, realleges and incorporates herein by reference each

6   and every response contained in paragraphs 1 through 56 above, as though set forth

7   in full herein.

8       58.    Defendant denies the allegations of paragraph 58 of the Complaint.

9       59.    Defendant denies the allegations of paragraph 59 of the Complaint.

10      60.    Defendant denies the allegations of paragraph 60 of the Complaint.

11      61.    Defendant denies the allegations of paragraph 61 of the Complaint.

12

13

## COUNT VI

14

## DESIGN PATENT INFRINGEMENT

15

## U.S. DESIGN PATENT NO. 504,382

16

### (35 U.S.C. § 271)

17      62.    Defendant repeats, realleges and incorporates herein by reference each

18  and every response contained in paragraphs 1 through 61 above, as though set forth

19  in full herein.

20      63.    Defendant denies the allegations of paragraph 63 of the Complaint.

21      64.    Defendant denies the allegations of paragraph 64 of the Complaint.

22      65.    Defendant denies the allegations of paragraph 65 of the Complaint.

23      66.    Defendant denies the allegations of paragraph 66 of the Complaint.

24  ///

25  ///

26  ///

27  ///

28  ///

8

1

2

3

4

## COUNT VII

## DESIGN PATENT INFRINGEMENT

## U.S. DESIGN PATENT NO. 493,404

### (35 U.S.C. § 271)

5        67.    Defendant repeats, realleges and incorporates herein by reference each

6   and every response contained in paragraphs 1 through 66 above, as though set forth

7   in full herein.

8        68.    Defendant denies the allegations of paragraph 68 of the Complaint.

9        69.    Defendant denies the allegations of paragraph 69 of the Complaint.

10       70.    Defendant denies the allegations of paragraph 70 of the Complaint.

11       71.    Defendant denies the allegations of paragraph 71 of the Complaint.

12

13

14

15

16

## COUNT VIII

## DESIGN PATENT INFRINGEMENT

## U.S. DESIGN PATENT NO. 470,093

### (35 U.S.C. § 271)

17       72.    Defendant repeats, realleges and incorporates herein by reference each

18  and every response contained in paragraphs 1 through 71 above, as though set forth

19  in full herein.

20       73.    Defendant denies the allegations of paragraph 73 of the Complaint.

21       74.    Defendant denies the allegations of paragraph 74 of the Complaint.

22       75.    Defendant denies the allegations of paragraph 75 of the Complaint.

23       76.    Defendant denies the allegations of paragraph 76 of the Complaint.

24  ///

25  ///

26  ///

27  ///

28  ///

9

## COUNT IX

## TRADEMARK INFRINGEMENT

### (Common Law of California)

77.    Defendant repeats, realleges and incorporates herein by reference each and every response contained in paragraphs 1 through 76 above, as though set forth in full herein.

78.    Defendant denies the allegations of paragraph 78 of the Complaint.

79.    Defendant denies the allegations of paragraph 79 of the Complaint.

80.    Defendant denies the allegations of paragraph 80 of the Complaint.

81.    Defendant denies the allegations of paragraph 81 of the Complaint.

82.    Defendant denies the allegations of paragraph 82 of the Complaint.

## COUNT X

## UNFAIR COMPETITION

### (California Unfair Competition Statute,

### Cal. Bus. & Prof. Code § 17200 et seq.)

83.    Defendant repeats, realleges and incorporates herein by reference each and every response contained in paragraphs 1 through 82 above, as though set forth in full herein.

84.    Defendant denies the allegations of paragraph 84 of the Complaint.

85.    Defendant denies the allegations of paragraph 85 of the Complaint.

## COUNT XI

## UNFAIR COMPETITION

### (Common Law of California)

86.    Defendant repeats, realleges and incorporates herein by reference each and every response contained in paragraphs 1 through 85 above, as though set forth in full herein.

10

RYAN MOALEMI'S ANSWER
CASE NO. 08 CV 0171 JM WMC

87.     Defendant denies the allegations of paragraph 87 of the Complaint.

88.     Defendant denies the allegations of paragraph 88 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Lack of Standing)

2.     Plaintiffs lack standing to pursue the claims in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.     Plaintiffs have waived any right to obtain its requested relief as a result of their own acts, conduct, and omissions, and their claims are barred by the doctrine of waiver.

///

///

///

///

11

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.    Plaintiffs are barred under the doctrine of estoppel from recovering any relief by virtue of their own acts, conduct, and statements, upon which Defendant has relied to its prejudice and detriment.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Causation/Proportionate Liability)

6.    Defendant's alleged acts were not the proximate cause of any damages allegedly suffered by plaintiffs, and plaintiffs' damages are instead attributable to the acts of others, including plaintiffs, over which Defendant has no control.  In the event Defendant is found liable for any damages asserted by plaintiff, Defendant is entitled to have its liability, if any, diminished in proportion to the damages attributable to the culpable conduct of such persons or entities other than Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.    Plaintiffs are not entitled to recover damages in any sum, as Plaintiffs have failed and refused to mitigate their damages at all times relevant herein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.    Plaintiffs are barred by the doctrine of laches from recovering any relief by virtue of their own unreasonable delay, which has caused prejudice to Defendant.

///
///

12

1
2

## NINTH AFFIRMATIVE DEFENSE
### (Acquiescence)

3    9.    Plaintiff's claims are barred, in whole or in part due to plaintiffs'
4 failure to take action against the allegedly infringing parties, and/or otherwise
5 indicating, implicitly or explicitly, that nothing would be done about the alleged
6 infringement.

7

8
9

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

10    10.    Plaintiffs are barred from obtaining any of their requested relief as a
11 result of their own acts, conduct, and omissions, which constitute unclean hands.

12

13
14

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

15    11.    At all times relevant to the allegations made in the Complaint,
16 Defendant has acted in good faith.

17

18
19

## TWELFTH AFFIRMATIVE DEFENSE
### (Patent Invalidity—Functionality)

20    12.    Plaintiffs' design patent claims are barred, in whole or in part, because
21 of the claims of the asserted patents are invalid because their designs are dictated
22 by functional considerations.

23

24
25

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Patent Invalidity—Anticipation)

26    13.    Plaintiffs' design patent claims are barred, in whole or in part, because
27 of the claims of the asserted patents are invalid because they were anticipated by
28 prior art.

13

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Patent Invalidity—Obviousness)

3      14.    Plaintiffs' design patent claims are barred, in whole or in part, because

4   of the claims of the asserted patents are invalid because their designs were obvious

5   in light of prior art.

6

7

## FIFTEENTH AFFIRMATIVE DEFENSE

8

### (Patent Misuse)

9      15.    Plaintiffs' design patent claims are barred, in whole or in part, due to

10   patent misuse.

11

12

## SIXTEENTH AFFIRMATIVE DEFENSE

13

### (Mootness)

14      16.    Plaintiffs' claims are barred, in whole or in part, to the extent that the

15   claims or the relief sought are moot.

16

17

## SEVENTEENTH AFFIRMATIVE DEFENSE

18

### (Adequate Remedy at Law)

19      17.    Plaintiffs' causes of action, and any injunctive or restitutive remedies

20   sought, are barred in light of the fact that Plaintiffs have an adequate remedy at

21   law.

22

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24

### (Fair Use)

25      18.    Defendant's alleged conduct constitutes fair use.

26   ///

27   ///

28   ///

RYAN MOALEMI'S ANSWER
CASE NO. 08 CV 0171 JM WMC

## NINETEENTH AFFIRMATIVE DEFENSE

### (First Sale)

19.   Plaintiffs' alleged trademark claims are barred by the first sale doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Speculation)

20.   Plaintiffs are not entitled to the relief that they seek because the Court lacks any sufficiently certain, non-speculative basis on which to fashion such relief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Innocence)

21.   Defendant denies that he infringed Plaintiffs' asserted marks, but if any purported infringement occurred, such purported infringement was innocent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Non-Competitive Goods)

22.   Plaintiffs are not entitled to the relief that they seek because the parties' goods do not compete.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Divergent Marketing Channels)

23.   Plaintiffs are not entitled to the relief that they seek because the parties have different marketing channels for their goods.

///

///

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Different Customers)

24.    Plaintiffs are not entitled to the relief that they seek because plaintiffs and Defendant do not sell products directly to the same group of customers.


## **PRAYER**

WHEREFORE, Defendant Ryan Moalemi prays for relief as follows:

1.    That plaintiffs take nothing by their complaint;

2    For an order dismissing plaintiffs' claims against Defendant in their entirety, with prejudice;

3.    That the Court award Defendant his costs of suit and reasonable attorney's fees incurred herein; and

4.    That the Court award such other and additional relief as it deems just and proper.


Dated:    April  4, 2008                    RYAN MOALEMI


                                        _____
                                        RYAN MOALEMI
                                        PRO SE

16

1

## **DEMAND FOR JURY TRIAL**

2      Defendant Ryan Moalemi hereby demands a jury trial on all issues so

3  triable.

4

5  Dated:   April  4, 2008                                    RYAN MOALEMI

6

7

8                                                             _____

                                                              RYAN MOALEMI

9                                                             PRO SE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RYAN MOALEMI'S ANSWER
CASE NO. 08 CV 0171 JM WMC